UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMMA MORRIS, WIFE OF/AND CHARLES MORRIS | CIVIL ACTION |
| VERSUS | NO: 08-4247 |
| LIBERTY MUTUAL INSURANCE COMPANY, JOSE PALACIOS, THE ESTATE OF WENDY GUEVERA ALLSTATE INSURANCE COMPANY NATIONWIDE MUTUAL INSURANCE COMPANY | SECTION: "C" (5) |

## ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(4) of the Federal Rules of Civil Procedure, alleging that this Court lacks personal jurisdiction and that service of process was insufficient. Rec. Doc. 26. The motion was filed by the defendant, The Estate of Wendy Guevera ("Estate"). *Id*. The plaintiffs Emma Morris and Charles Morris (Deceased) oppose this motion. Rec. Doc. 27. The motion is before the Court on the briefs, without oral argument. Defendant's motion to dismiss is GRANTED.

## I. BACKGROUND

In the underlying action, the plaintiffs assert negligence claims against the defendants.

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

Rec. Doc. 1 at 3.  The plaintiffs, Emma Morris and Charles Morris, initially filed their complaint against defendants on August 21, 2008 in the Eastern District of Louisiana.  Rec. Doc. 1.  They alleged that on or about February 16, 2008, plaintiff Charles Morris was operating a vehicle owned by his wife, Emma Morris, and was traveling east on Interstate 10 in the Parish of St. Tammany, Louisiana.  *Id*. at 2.  They alleged that a vehicle owned and operated by Jose Palacios was traveling west on the same road at that time, and that another vehicle owned by Santos Castro and operated by Wendy Guevera (now deceased) was also traveling west on the same road.  *Id*.  The Plaintiffs alleged that defendant Jose Palacios swerved his vehicle toward the vehicle being driven by decedent Guevera, causing her to lose control of her vehicle and cross the median of Interstate 10, striking the plaintiffs' vehicle and causing severe and permanent injuries to Charles Morris.  *Id*. at 3.

The Estate of Wendy Guevera ("Estate") filed a motion to dismiss the suit under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(4) for lack of personal jurisdiction and insufficient service of process, arguing that the Estate was not properly served and that therefore, this Court lacked personal jurisdiction over the Estate.  Rec. Doc. 26 at 1.  The Plaintiffs opposed the defendant's motion and alleged that the defendant, Affinity Insurance, answered the lawsuit and that no answer was filed on behalf of the Estate despite the fact that the Estate was properly served on September 8, 2008.  Rec. Doc. 15, Rec. Doc. 27.

## II. STANDARD OF REVIEW

For a federal court to assert personal jurisdiction over a claim, the plaintiff must validly serve process upon the defendant.  *See Omni Capital Int'l v. Ltd. v. Rudolf Wolf & Co.*, 484 U.S.

97, 104 (1987). The Federal Rules of Civil Procedure authorize the courts to dismiss a civil action for insufficient service of process. Fed.R.Civ.P. 12 (b)(5). The plaintiff bears the burden of demonstrating the validity of the service when an objection is made. *Carmini v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In making such a determination, the court "must look outside the complaint" to determine what steps, if any, the plaintiff took to effect service. *Dominion Exploration & Prod., Inc. v. Delmar Systems, Inc.*, 2008 WL 4809453 (E.D. La. 2008) (*citing C3 Media & Mktg. Gr., LLC v. Firstgate Internet, Inc.*, 419 F.Supp. 2d 419, 427 (S.D.N.Y.2005)).

### III. LAW AND ANALYSIS

The plaintiffs stated that service was made upon the residence of the decedent through certified mail, which has been made a part of the record. Rec. Doc. 15. An individual accepted, completed, and returned the return receipt documents. Rec. Doc. 27 at 3, Rec. Doc. 15. The defendant argues that the plaintiffs have not shown that the person who signed the receipt had any contacts with the State of Louisiana, and therefore, that service of process was invalid. Rec. Doc. 26-2 at 4. They also argue that the plaintiffs likewise did not show that Guevera had contacts with the forum state. *Id*.

The defendant further argues that the person who signed the receipt was not properly appointed by a court in the State of Louisiana to represent the Estate as required by La. C.C.P. art. 734. *Id*. at 5. The defendant points to the Federal Rules of Civil Procedure to the effect that if the person who is being sued is not a corporate representative or an individual, then the law of the forum state applies. *Id*. Finally, the defendant argues that the plaintiff must either show that

3

the person who signed the return receipt was properly appointed a representative within the State of North Carolina and then qualified in a Louisiana Court, or was directly appointed by a Louisiana Court as the Estate's representative, and that the plaintiffs have shown neither. *Id*. at 6.

In their memorandum opposing dismissal, the plaintiffs argue that the Estate was properly served on September 8, 2008. Rec. Doc. 27 at 1, Rec. Doc. 15. They claim the summons and pleadings were not returned and there was no declaration that it was improperly served on the wrong party or individual. *Id*. The plaintiffs also point to Louisiana's Long Arm Statute and to Louisiana's non-resident motorist statute under which a non-resident driving on the public highways of the State of Louisiana is deemed to have appointed the Secretary of State of Louisiana to be his "true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle." LSA-R.S. 13:3201 and LSA-R.S. 13:3474.

The Supreme Court addressed service of process in *Hanna v. Plumer*. It directed the District Court of Massachusetts to apply Rule 4 rather than the applicable state law on service of process. 380 U.S. 460, 85 S.Ct. 1136 (1965). Rule 4(e)(1) allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following–delivering a copy of each [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(1). Under Louisiana law, service of process over a non-resident is proper when "a certified copy of the citation [...] and of the petition [...] shall be sent by counsel for the

4

plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail." LSA-R.S. 13:3201. The Louisiana First Circuit Court of Appeals explained that the "intent of the long arm statute [LSA-R.S. 13:3201 et seq.] is to provide the Louisiana resident with maximum protection, in Louisiana courts, from damages occasioned him by acts of a nonresident when the nonresident has 'minimal' contacts within this state." *Mayeux v. Hughes*, 333 So.2d 273 (La. App. 1st Cir. 1976)(*citing Aucoin v. Hanson*, 207 So.2d 834, 836 (La. App. 3rd Cir. 1968)). Under *Mayeux*, "service of process by registered or certified mail [...] is equivalent to personal service on the defendant in this state." *Mayeux*, 333 So.2d 273 (1976). "All that is necessary to constitute personal service of process of a nonresident [...] is that counsel for the plaintiff send a certified copy of the citation and petition in the suit to the defendant by registered or certified mail." *Id*.

However, Louisiana law also details specific procedures for service of process against a deceased non-resident defendant. The Fifth Circuit explained that "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *U.S. v. Garcia*, 676 F.2d 1086 (5th Cir. 1982). Several courts have also explained that "it is a well-settled canon of statutory interpretation that specific provisions prevail over general provisions." *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006)(*quoting N.L.R.B. v. A-Plus Roofing, Inc.*, 39 F.3d 1410 (9th Cir. 1994)). The relevant portion of the specific statute, LSA-R.S. 13:3475 was enacted in 1990, after the more general statute was enacted. In this case, therefore, the specific provisions

5

detailing service of process against a deceased non-resident defendant will prevail over the more general provisions detailing service on a non-resident defendant.

Two Louisiana statutes, LSA-R.S. 13:3474 and 13:3475, provide a specific framework for service upon a deceased non-resident defendant. The non-resident motorist statute states that:

> In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally. LSA-R.S. 13:3474.

LSA-R.S. 13:3475 explains how service of process is to be made. It states that the service of process authorized by LSA-R.S. 13:3474 shall be made by:

> Serving a copy of the petition and citation on the secretary of state [...] provided that notice of such service, together with a copy of the petition and citation, is forthwith sent by the plaintiff by registered mail or certified mail with receipt requested, or is actually delivered to the defendant and the defendant's returned receipt [...] is filed in the proceedings before judgment can be entered against the defendant.

LSA-R.S. 13:3475.

Although plaintiffs' service upon defendant through certified mail complied with the general Louisiana provisions, under Louisiana law plaintiffs must follow the dictates of LSA-R.S. 13:3475.[2]

## IV. **CONCLUSION**

Accordingly,

---

[2] Although defendant also invokes LSA-C.C.P. Art. 5091, this statute is not related to the issue currently before the Court, namely service of process.

IT IS ORDERED that defendant's motion to dismiss is hereby GRANTED without prejudice.

New Orleans, Louisiana, this 6th day of July, 2009.

      _____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**