UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMMA MORRIS, WIFE OF/AND CHARLES MORRIS | CIVIL ACTION |
| VERSUS | NO: 08-4247 |
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court are Defendant's Motion *In Limine* to Exclude Evidence and Testimony, (Rec. Doc. 109), and Objection to Plaintiffs' Proposed Trial Exhibits, (Rec. Doc. 108). Having considered the record, the memoranda of counsel, and the applicable law, the Motion is GRANTED IN PART and DENIED IN PART and the Objection is OVERRULED IN PART and SUSTAINED IN PART for the following reasons.

## I. BACKGROUND

On February 16, 2008, Plaintiff, Charles Morris, was involved in a three-car accident, which caused him significant injuries. (Rec. Doc. 1 at 3). Plaintiff submitted an uninsured motorist ("UM") claim to his own carrier, Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"). (Rec. Doc. 63 at 1). Liberty Mutual paid Mr. Morris for all of his submitted medical expenses, (Rec. Doc. 49-1 at 5), but rejected his claims for non-economic damages on the grounds that Mr. Morris selected economic-only UM coverage on two separate occasions in 2002 and 2007, *Id.* Liberty Mutual also refused to pay for any of Mr. Morris' claims for lost wages because it felt that at the time of Mr. Morris' injuries he had no intention of returning to work. *Id.* Liberty Mutual based this conclusion on the fact that at the time of the accident Mr. Morris was 74 and had not worked for over a year. *Id.*

In response to Liberty Mutual's refusal to pay all of his claims, Plaintiffs filed the present action, alleging, among other things, that Liberty Mutual acted in bad faith in rejecting his claims. On October 5, 2010, this Court granted partial summary judgment in favor of liberty Mutual, holding that Plaintiffs had an economic-only UM policy and that Liberty Mutual had not acted in bad faith in denying Mr. Morris' claim for lost wages. (Rec. Doc. 80).

In light of this Court's prior Order, and the parties' recent stipulations, only two questions remain in dispute and therefore need to be determined at trial. The first question is whether Mr. Morris suffered any lost wages because of his accident. The second is whether Mr. Morris will incur costs to undergo a future back surgery.

Liberty Mutual now seeks to exclude certain evidence and testimony that it argues is not relevant to these two questions.

## II. ANALYSIS

The Court begins its analysis by noting that Plaintiffs agree with Liberty Mutual on several issues presented in Liberty Mutual's Motion *in Limine*. (Rec. Doc. 114). Specifically, Plaintiffs agree that because this Court has already determined that Mr. Morris' UM policy was ecomonic-only, then all evidence and testimony regarding Mr. Morris' pain and suffering is properly excluded from trial. *Id.* Similarly, Plaintiffs agree that all evidence or testimony about Mrs. Morris' loss of consortium should also be excluded. Finally, Plaintiffs agree that any testimony or evidence about Liberty Mutual's mishandling of Mr. Morris' claims should be excluded because this Court has already dismissed Plaintiffs' bad faith claims. *Id.* As a result, all of the above evidence and testimony shall be excluded from trial.

This Court also notes that it has already held that Plaintiffs may present testimony about the

cost of Mr. Morris' purported future back surgery, so long as Plaintiffs disclosed the estimate of the cost of any such back surgery. (Rec. Doc. 113). While Plaintiffs missed the specific deadline issued for such disclosure, the Court is satisfied that their tardiness was only due to their delayed receipt of this Court's Order on the CM/ECF system, which was beyond their control. Consequently, Plaintiffs may present testimony about the cost of Mr. Morris' purported future back surgery.

Having dispensed with the above issues, the Court now turns to Liberty Mutual's two remaining objections. First, Liberty Mutual objects to the introduction of any evidence concerning the expenses Mr. Morris allegedly incurred in order to maintain an office or apartment outside of Louisiana. Second, Liberty Mutual objects to the introduction of any photographs of Mr. Morris in the hospital or of any post-accident photos of Mr. Morris' car. (Rec. Docs. 108 & 109).

Regarding the first objection, Liberty Mutual seeks to exclude any evidence regarding Mr. Morris' expenses in maintaining an apartment outside of Louisiana for business purposes. (Rec. Doc. 109-1 at 5). Liberty Mutual maintains that although they requested the production of all claimed business expenses on December 14, 2010, they did not receive any documents is response to that request until January 28, 2011. *Id.* Consequently, Liberty Mutual seeks to have this evidence excluded because of its untimely production. *Id.* However, because Liberty Mutual has not shown that it has been prejudiced by the late production of Plaintiffs' evidence, that evidence can be introduced at trial.

Regarding the second objection, Liberty Mutual seeks to exclude photographs of Mr. Morris in the hospital as well as post-accident photos of Mr. Morris' car. Liberty Mutual argues that such photographs would likely prejudice the jury, creating a risk that the jury would make an award on an improper basis. (Rec. Doc. 108 at 2). Plaintiffs argue that the photographs will be used to demonstrate the severity of Mr. Morris' injuries, which are relevant to whether Mr. Morris is likely

to require future back surgery or to lose future wages. (Rec. Doc. 114 at 3). While the Court agrees that the severity of the accident and of Mr. Morris' injuries are relevant to the question of whether Mr. Morris will need future back surgery, the Court also agrees that the introduction of the photographs could unduly prejudice the jury. Therefore, Plaintiffs may only introduce the photograph of Mr. Morris' injuries that is attached as Exhibit A of Liberty Mutual's Objection to Plaintiffs' Trial Exhibits. (Rec. Doc. 108-1 at 1). Plaintiffs may also introduce the two post-accident photographs of Mr. Morris' car. (Rec. Doc. 108-1 at 5-6). The Court finds that any risk of prejudicing the jury from the photographs that will be presented at trial can be minimized by appropriate jury instructions and interrogatories.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Liberty Mutual's Motion *In Limine* is hereby GRANTED IN PART and DENIED IN PART. (Rec. Doc. 109). It is granted to the extent that Plaintiffs may not introduce evidence or testimony at trial relating to any loss of consortium, pain and suffering, or bad faith claims. It is denied in all other respects.

IT FURTHER ORDERED that Liberty Mutual's Objection to Plaintiffs' Proposed Trial Exhibits is OVERRULED IN PART and SUSTAINED IN PART. (Rec. Doc. 108). It is sustained to the extent that Plaintiffs may only introduce the photograph of Mr. Morris' injuries that is attached as Exhibit A of Liberty Mutual's Objection to Plaintiffs' Trial Exhibits. (Rec. Doc. 108-1 at 1). It is overruled in all other respects.

New Orleans, Louisiana, this 4th day of February, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**